IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**RUBBY JAMES GRAY**                                                                 **PLAINTIFF**

v.                                  No: 3:17-cv-00323 BSM-PSH

**KEITH BOWERS,** *et al.*                                                           **DEFENDANTS**

### PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to Chief United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Rubby James Gray, a former detainee at the Craighead County Detention Facility (CCDF), filed a complaint pursuant to 42 U.S.C. § 1983 on December 5, 2017 (Doc. No. 1). On December 6, 2017, the Court entered an order explaining that Gray is a "three-striker" under the three-strikes provision of the Prison Litigation Reform Act ("PLRA") because the following cases filed by Gray were dismissed for failure to state a claim: *Gray v. Kennemore,* No. 3:01-cv-00266-BRW; *Gray v. Bristrow,* 3:17-cv-00279-

JLH; *Gray v. Black,* No. 3:17-cv-00293-BSM (Doc. No. 2). As a three-striker, Gray was required to show that he was in imminent danger of serious physical injury at the time he filed the complaint in order to proceed *in forma pauperis*. 28 U.S.C. § 1915(g); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). To determine whether Gray's claims met the imminent-danger exception to the PLRA's three-strikes rule, the Court twice ordered Gray to file an amended complaint setting forth facts sufficient for the Court to determine if Gray met the exception. *See* Doc. Nos. 3 & 7. Gray was also instructed to limit his claims to those that based on the alleged imminent danger. *See* Doc. No. 7.

Liberally construing Gray's second amended complaint (Doc. No. 9), the Court found that Gray stated a claim that he was in imminent danger of serious physical injury based on his allegation that he was exposed to black mold and suffered from trouble breathing, migraine headaches, and dizziness. Doc. No. 11. The Court recommended dismissal of Gray's other claims, and those claims were subsequently dismissed. *See id.*; Doc. No. 19. The Court ordered service of process on defendants Keith Bowers, Todd Harrel, and Art Bentley on Gray's one surviving claim. Doc. No. 10.

Gray seeks injunctive relief only. In Gray's original complaint, he stated:

> I would like for the courts to send a health inspector here to valuate [sic] the living conditions of this building because am so very sure that it needs to be condem [sic] and closed down, how do they get away with this and have been now for years now. Thank you.

Doc. No. 1 at 4. In his first amended complaint, Gray stated, "I want justice and fairness as well as change and for inmates to get fair medical treatment and stop discriminating." Doc. No. 3 at 5. He also stated that he needed "some real serious medical help." *Id.* at 6.

In his second amended complaint, Gray repeated his request for medical help and asked for the Court to send the "PEER known as Public Employees for Environmental Responsibility, EPA, Environmental Protection Agency, OSCHA or the Geneva Convention to inspite [sic] this building, it's a health hazard just being here, please help us." Doc. No. 9 at 5. Gray also stated that he wanted "justice and to be removed from these living conditions." *Id.* at 6.

On April 20, 2018, Gray filed a notice of change of address explaining that he had been transferred to Arkansas Department of Corrections (ADC). Doc. No. 23. Gray was subsequently transferred to two other ADC units. Doc. Nos. 47 & 60. On May 6, 2019, Gray filed another notice of change of address, explaining that he had been released from prison. Doc. No. 61. In the meantime, defendants filed motions for summary judgment (Doc. Nos. 43 & 51).

Because Gray only seeks injunctive relief and has since been transferred out of the CCDF, his claims are moot. *See generally Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985) ("[A] prisoner's claim for injunctive relief to improve prison conditions is moot if he or she is no longer subject to those conditions."). Accordingly, the Court recommends that Gray's complaint be dismissed without prejudice and that defendants' motions for summary judgment (Doc. Nos. 43 & 51) be denied as moot.

IT IS SO RECOMMENDED this 13th day of June, 2019.

_____
UNITED STATES MAGISTRATE JUDGE